IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 15-cv-01935-RM

EAGLE VISA EQUITIES, LLC,

Plaintiff,

v.

NANCY BIRKETT, and
ALL OCCUPANTS OF THE PROPERTY COMMONLY KNOWN AS
8214 E. DAVIES AVENUE, CENTENNIAL, COLORADO 80112,

       Defendants.

---

ORDER GRANTING
PLAINTIFF'S MOTION TO REMAND (ECF NO. 7)

---

This matter is before the Court on Plaintiff's Motion to Remand ("Motion") (ECF No. 7), seeking to remand this action back to the County Court, Arapahoe County, State of Colorado from where it was removed. Upon consideration of the Motion, the Court file, and the applicable rules, statutes, and case law, and being otherwise fully advised, the Motion is GRANTED.[1]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a limited liability company, brought this unlawful detainer action against Defendant Birkett, and other unnamed persons, in Arapahoe County Court. Defendant Birkett ("Defendant") is allegedly a tenant in Plaintiff's real property located in Centennial, Colorado.

---

[1] The Court finds the Motion may be ruled upon without the necessity of a response by Defendant. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

Plaintiff allegedly terminated Defendant's tenancy, but she refuses to surrender the premises. Plaintiff's Complaint in Unlawful Detainer contains no allegations as to the citizenship of any party or the amount in controversy between the parties. (ECF No. 2.)

By "Bill in Equity" filed September 8, 2015, Defendant removed the Arapahoe County Court action to this Court, alleging subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1332 (diversity of citizenship),[2] 1333 (admiralty, maritime, and prize cases), and 1367(a) (supplemental jurisdiction). In support of her removal, Defendant asserts that she is a "private business trust" and removed this case "in order to secure the preservation and protections of equitable rights and interests." She appears to seek equitable relief. Plaintiff's Motion followed.

## II.     ANALYSIS

Defendant appears *pro se*; therefore, the Court will construe her filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding a *pro se* complainant's allegations to less stringent standards than formal pleadings drafted by lawyers); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). But, under even the most liberal construction, subject matter jurisdiction has not been shown. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (the party asserting jurisdiction bears the burden of establishing such jurisdiction).

First, Defendant asserts that federal question jurisdiction exists based on "treaties" to which the United States is a signatory, but such jurisdiction is not supported by any allegations in the Complaint or in the Bill in Equity. Similarly, Defendant contends that admiralty or maritime

---

[2] Defendant relies on diversity but cites to 28 U.S.C. § 1331. The Court assumes Defendant means § 1332.

jurisdiction exists under § 1333, but fails to show that any claim exists which would invoke such jurisdiction. Further, as Plaintiff argues, to the extent Defendant is relying on some federal defense or federal counterclaim to support jurisdiction under §§ 1331 or 1333, such reliance is misplaced as removal may not be made on that basis.[3] *Rivit v. Regions Bank of La.*, 522 U.S. 479, 475 (1998) (case may not be removed based on federal defense); *see Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim…cannot serve as the basis for 'arising under' jurisdiction."), *superseded by statute on other grounds as recognized in Predator International, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1181 n.2 (10th Cir. 2015); *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1204 (10th Cir. 2012). Accordingly, jurisdiction has not been shown to exist under § 1331 or § 1333.

Defendant's assertion that diversity jurisdiction exists under § 1332 is similarly unavailing. The record is devoid of any allegations or other information to show either diversity of citizenship or the requisite amount in controversy. Plaintiff is a limited liability company, and "an LLC, as an unincorporated association, takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) (citations omitted). The identities and citizenships of Plaintiff's members – and the citizenship of Defendant – have not been shown. Further, if Defendant is a Colorado citizen, Plaintiff raises the "forum defendant rule"[4] as a bar to removal. Finally, Defendant fails to show that the

---

[3] There may be exceptions to the "well-pleaded complaint rule," but none are applicable here. *E.g., Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1204 (10th Cir. 2012) (discussing "complete preemption" doctrine).

[4] Under that rule, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) [diversity] of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332(a) (requiring amount in controversy to exceed the sum or value of $75,000).  As such, Defendant also fails to establish diversity jurisdiction.[5]

### III. CONCLUSION

Based on the foregoing, the Court ORDERS

(1) That Plaintiff's Motion to Remand (ECF No. 7) is GRANTED; and

(2) That, pursuant to 28 U.S.C. § 1447(c), due to this Court's lack of subject-matter jurisdiction, this case is **REMANDED** to the County Court, Arapahoe County, State of Colorado, where it was original filed as Civil Action No. 2015C44758.

DATED this 3rd day of November, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[5] As the Court has no original jurisdiction, supplemental jurisdiction cannot be invoked.  *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims….").